## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JANE DOE,** | |
| **PLAINTIFF,** | **COMPLAINT** |
| **-- against --** | **JURY TRIAL DEMANDED** |
| **THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, AND TOM HARFORD,** | |
| **DEFENDANTS.** | |

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, Sanford Heisler Sharp, LLP, brings this action against The Trustees of Columbia University in the City of New York ("Columbia University," "Columbia," or "the University") and Defendant Tom Harford ("Harford"). Plaintiff alleges upon knowledge concerning her own acts and upon information and belief as to all other matters.

I.     <u>OVERVIEW</u>

1.     Columbia University is one of the top universities in the world. To match its academic reputation, Columbia touts its campus as a safe and nurturing learning environment for all students.

2.     On Columbia's online homepage, the University advertises its "commit[ment] to providing a learning, living, and working environment free from unlawful discrimination and harassment and fostering a nurturing and vibrant community founded upon the fundamental dignity and worth of all its members."

3.      In addition, the University's "Consensual Romantic and Sexual Relationship Policy Between Staff and Students" states that "No staff member at Columbia should participate in supervision, employment actions, evaluation, advising or mentoring any Columbia University student with whom that staff member has or has had a consensual romantic or sexual relationship, except in unusual circumstances.  In the event that a personal relationship of this kind does exist in a supervisory, advisory or mentoring context, the supervisor must disclose the relationship and initiate arrangements to address any issues of conflict of interest."

4.      To many women of Columbia University, this "policy" is a sham and a cruel joke.

5.      Although Columbia pays lip-service to the ideals of a safe campus environment, the University has a track-record of violating Title IX when responding to reports of sexual misconduct.  When students have reported sexual harassment to Columbia's administrators, officers, and employees (such agents, unless referred to by name or position, hereinafter referred to as "Columbia"), Columbia has shown deliberate indifference to their complaints.  In responding to complaints of sexual harassment, the University fails to sanction appropriately Columbia faculty members and administrators who hold prominent positions in the University.

6.      In 2014, Columbia became the subject of a formal investigation by the Office for Civil Rights, part of the United States Department of Education, related to its compliance with Title IX, 20 U.S.C. § 1681 ("Title IX"), when responding to complaints of sexual harassment.

7.      Columbia's failure to ensure a safe environment for learning and teaching has been particularly acute with respect to Plaintiff, a student at Columbia's School of General Studies ("GS").

8.      In May 2018, Plaintiff was raped while staying at an acquaintance's apartment.  She sought assistance from Columbia's Sexual Violence Response & the Rape Crisis/Anti-Violence

Support Center ("SVR").   Realizing that Plaintiff lacked a safe place to live, SVR directed her to Tom Harford, GS Dean of Students to provide her with emergency housing and other assistance following Plaintiff's assault.

9.     From the very first time that Plaintiff met Dean Harford to discuss Plaintiff's housing options, Dean Harford engaged in inappropriate and manipulative behavior.  Recognizing Plaintiff's vulnerabilities, Dean Harford provided Plaintiff with money and promised to help Plaintiff secure additional scholarship funding for the Fall semester.

10.    Over the course of the summer, Harford used his power and influence at Columbia to coerce Plaintiff into an inappropriate sexual and romantic relationship.  Harford subjected Plaintiff to unwanted, abusive, and inappropriate sexual activity; told her stories about his violent past to intimidate Plaintiff; and used Plaintiff's need for scholarship funding as bait to keep her in the relationship.

11.    Columbia failed to protect Plaintiff from Dean Harford, who—as the Dean of Students of GS—should have been the very authority figure that supported and protected Plaintiff.

12.    In response to her multiple traumas, Plaintiff requires intensive medical treatment.

13.    Columbia's response to the sexual harassment so undermined and detracted from Plaintiff's educational experience that Plaintiff was effectively denied access to educational resources, benefits, and opportunities.

14.    As a result of the actions of Dean Harford, Plaintiff was subjected to harassment based on her gender.  This harassment was sufficiently severe and pervasive to create a continuing and persistent abusive educational environment because of Columbia's deliberate indifference.

15.    Plaintiff brings claims under the New York City Human Rights Law, New York City Administrative Code, § 8-107, *et seq*. ("NYCHRL"); Title IX of the Education Amendments

3

of 1972, as amended, 20 U.S.C. § 1681 *et seq.* ("Title IX"); and New York common law.  She seeks damages to redress the injuries she has suffered as a result of being sexually harassed and discriminated against on the basis of her gender by Defendants.

## II.    THE PARTIES

16.    **PLAINTIFF** is a 25-year old student enrolled in Columbia's GS school.  She initially intended to begin her studies in the Fall of 2018, but after she was sexually assaulted while staying with an acquaintance, she reached out to Columbia for help.  She began living in Columbia housing in May 2018.  At all relevant times, Plaintiff was and is domiciled in Manhattan, and she attends Columbia University in Manhattan.

17.    **DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK** ("Columbia University," "Columbia," or "the University") is a private university that, upon information and belief, receives federal funding.  Columbia is based in Manhattan.

18.    **DEFENDANT TOM HARFORD** is a 55-year-old who formerly served as the Dean of Students of Columbia's GS school.  At all relevant times, Harford was domiciled in Manhattan, and he worked for Columbia University in Manhattan.

## III.    JURISDICTION AND VENUE

19.    This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331 because this action involves claims brought under Title IX.  This Court has supplemental jurisdiction over Plaintiff's claims under the New York City Human Rights Law and New York common law pursuant to 28 U.S.C. § 1367.

20.    Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).  Defendant Columbia is headquartered in this District, and Defendant Harford is domiciled

in this District.  The unlawful educational practices complained of herein occurred in this District, and the events or omissions giving rise to Plaintiff's claim occurred in this District.

## IV.    FACTUAL ALLEGATIONS

### A.  Plaintiff's Background

21.    Plaintiff has had an objectively difficult life.  She is largely estranged from her family and has struggled to secure stable housing and employment.  Determined to pursue higher education to improve her situation, Plaintiff applied to Columbia's School of General Studies and was accepted.  She intended to begin school in September 2018.

22.    In May 2018, Plaintiff was homeless, and would sleep on her friends' couches around New York City.  In early May 2018, Plaintiff was raped while staying with an acquaintance. Plaintiff reported the rape to the police.

### B.  Plaintiff Seeks Assistance and Protection from Columbia, and Is Directed to Dean Harford

23.    Feeling scared and unsafe, Plaintiff reached out to Columbia seeking assistance and protection.  She first reached out to Columbia's SVR.  Recognizing her need for emergency housing, SVR directed Plaintiff to meet with GS Dean of Students Tom Harford.

24.    Plaintiff first met with Dean Harford on May 10, 2018 in his office.  Dean Harford ensured Plaintiff that he would help her by providing emergency housing.

25.    At their first meeting, Plaintiff requested assistance in connecting with Columbia's Counseling and Psychological Services ("CPS"), which she could not access absent intervention from a Columbia administrator.   Realizing Plaintiff's need for intensive emotional and psychological support, Dean Harford arranged for Plaintiff to meet with a therapist at CPS.

26.    Dean Harford asked Plaintiff to return to his office the following morning.  At that meeting, Dean Harford asked whether Plaintiff had any money.  Plaintiff told Dean Harford that

she had no money.  In response, Dean Harford took $500 cash from his pocket and gave the money to Plaintiff.  Plaintiff thought it was strange to receive cash from an administrator, but because she needed money, accepted the cash from Dean Harford.

27.     Also at this second meeting, Dean Harford promised to come up with a "creative scholarship plan" for Plaintiff.  Plaintiff desperately needed scholarship money in order to attend GS in the Fall, and was encouraged by Dean Harford's willingness to help her.

### C. Dean Harford Uses His Position of Authority to Manipulate Plaintiff into a Romantic and Sexual Relationship

28.     Plaintiff's relationship with Dean Harford quickly escalated into an inappropriate and manipulative situation.  Dean Harford and Plaintiff began exchanging flirtatious text messages and would speak on the phone frequently.

29.     In response to Dean Harford's coercive advances, Plaintiff engaged in a sexual and romantic relationship with Dean Harford.

30.     Despite knowing that Plaintiff had recently been the victim of rape, Defendant Harford nevertheless engaged in inappropriate contact with Plaintiff, and often encouraged her to stay in contact with him if she encountered any issues at the school.

31.     Plaintiff was uncomfortable with Dean Harford's advances, but felt that she had to maintain the relationship and go along with his actions in order to secure scholarship funding and to stay in the housing that Dean Harford had helped to secure.

32.     Dean Harford further manipulated Plaintiff into trusting him by promising to assist Plaintiff in receiving disability accommodations from Columbia.

33.     Realizing her desperation, Dean Harford provided Plaintiff with financial support on multiple occasions.  He asked Plaintiff for her clothing size, offering to purchase a dress for her.  He also would buy her food and would order cabs for her.

34.     Dean Harford promised to "take care of" Plaintiff.   Plaintiff considered Dean Harford her "lifeline," and felt that she had to maintain the relationship because Dean Harford controlled Plaintiff's access to housing, psychological services, and other Columbia resources.

35.     On one occasion, Plaintiff informed Dean Harford that she was considering suicide. In response, Dean Harford told Plaintiff to take a Valium or Xanax and go to sleep.   Dean Harford did not report Plaintiff's suicidal ideations.

36.     On another occasion, Plaintiff was locked out of her apartment, and Dean Harford asked for her address.  Plaintiff joked that she could not keep track of her own keys, which resulted in Dean Harford keeping a spare set of keys to her apartment in his office at Columbia.

37.     On another occasion, shortly before a scholarship meeting at which Dean Harford promised to advocate for Plaintiff, Dean Harford went to Plaintiff's apartment and engaged in inappropriate sexual acts with Plaintiff.  When Dean Harford was at Plaintiff's apartment, he told her that he used to be very violent and had broken someone's legs with a bat when he was younger. This story scared Plaintiff into believing that Dean Harford might become violent with her.

38.     In addition, Dean Harford engaged in inappropriate sexual acts with Plaintiff while on Columbia's campus.  On one occasion, Dean Harford kissed Plaintiff in the stairwell of Dodge Hall.  On multiple occasions, Dean Harford locked the door to his administrative office and engaged in sexual acts with Plaintiff while in his office.  Plaintiff believes that administrators in neighboring offices would have overheard these incidents.

39.     Plaintiff's trauma from the rape became compounded with Dean Harford's advances, and Plaintiff told Dean Harford how the relationship was affecting her.  Dean Harford assured Plaintiff that they could "make [the relationship] work."  When Plaintiff reiterated her

discomfort with the relationship, Dean Harford offered to transition out of his role at GS, or alternatively help Plaintiff transfer to another school.

### D. Columbia Had Actual Notice of Harassment Perpetrated by Dean Harford and Was Deliberately Indifferent to His Conduct

40.     Columbia had actual notice of harassment perpetrated by Dean Harford and was deliberately indifferent to this harassment.

41.     Upon information and belief, Plaintiff's harassment was enabled and encouraged by Columbia's longstanding history of willfully sexualized behavior and harassment in the University.

42.     Specifically, Plaintiff disclosed to SVR that Dean Harford had provided her with $500 in cash.  SVR employees expressed shock, informed Plaintiff that the behavior was extremely inappropriate, and vowed to raise this issue to others in the administration.   Upon information and belief, GS Vice Dean Curtis Rodgers was aware that Dean Harford provided Plaintiff with cash.  To Plaintiff's knowledge, Dean Harford was never reprimanded for this behavior, and Columbia did not take steps to protect Plaintiff and other members of the Columbia community.  When Plaintiff asked Dean Harford if the school took any action with regard to this incident, Dean Harford shrugged it off, and told her that he had given money to other students in the past.

43.     In addition, Plaintiff's advisor at GS had asked Dean Harford why he was spending so much time with Plaintiff, and Dean Harford avoided the question.  Vice Dean Rodgers was also aware that Dean Harford was text messaging Plaintiff, as Dean Harford explicitly told Plaintiff that the Vice Dean had looked over Dean Harford's shoulder and had seen the text message exchanges with Plaintiff.  Despite being aware of Plaintiff and Dean Harford's nearly constant contact, and despite having, upon information and belief, actual knowledge of Dean Harford's harassment of Plaintiff, Columbia failed to take steps to protect Plaintiff from harassment by Dean Harford.

44.     After further learning of the harassment that Plaintiff suffered, Columbia failed to make an adequate response, amounting to deliberate indifference to discrimination of which the University had actual knowledge.

45.     As a result of Columbia's actions and inaction, Plaintiff is effectively denied access to academic resources.

46.     As a result of Columbia's actions and inaction, Dean Harford, an employee under the University's supervision and control, harassed Plaintiff.

47.     Columbia's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

48.     Columbia knew, or in the exercise of reasonable care should have known, that Dean Harford was not fit for a position in which he would be working with and advising young, female students.   Nonetheless, the University retained Dean Harford and failed to provide adequate supervision.

**E.  Plaintiff Suffers Physical, Emotional, Reputational and Financial Harms**

49.     Defendants' actions altered and worsened the condition of Plaintiff's environment at Columbia.  Defendants' conduct was so severe, pervasive, and/or objectively offensive that it deprived her of access to educational opportunities or benefits provided by Defendants.

50.     As a result of the actions of Dean Harford and Columbia, Plaintiff suffers and has suffered from physical and psychological injuries, including:

i.      Insomnia and generalized anxiety;

ii.     Post-traumatic stress disorder;

iii.    Sense of betrayal;

iv.     Strong sense of guilt and shame;

v.      Extreme difficulty concentrating;

vi.     Dissociation after encountering reminders of sexual harassment;

vii.    Sexually disturbing and violent nightmares and memories; and

viii.   Feelings of despair and hopelessness.

51.     Plaintiff's emotional distress and mental anguish are so severe that she does not feel able to pursue her education at Columbia.

52.     As a result of Defendants' unlawful conduct, Plaintiff has also suffered substantial harm to her academic career, resulting in damage to her future educational and career prospects.

53.     Plaintiff has suffered significant financial losses and will incur further financial losses in the future.

## V.      COUNTS

### COUNT I

**VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW—
GENDER DISCRIMINATION IN TERMS, CONDITIONS, AND PRIVILEGES
New York City Administrative Code § 8-107
(Against All Defendants)**

54.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

55.     Plaintiff is a female student at Columbia University.

56.     During all times relevant to this claim, Defendant Harford was an employee and agent of Defendant Columbia.   During all times relevant to this claim, Defendant Harford functioned in a supervisory capacity towards Plaintiff and had the power to alter the terms and conditions of Plaintiff's educational environment.

57.     Defendant Harford participated in the conduct giving rise to this claim.   Defendant Harford aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

58.     Defendants have subjected Plaintiff to discrimination in the terms, conditions, or privileges of public accommodation in violation of the New York City Human Rights Law. Defendants have treated Plaintiff differently from and less preferably than similarly situated male students.

59.     Plaintiff's sex has been a determining factor in Defendants' subjecting of Plaintiff to discrimination in the terms, conditions, or privileges of public accommodation.

60.     By reason of the continuous nature of Defendants' discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

61.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost future educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

62.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to all remedies available for violations of the New York City Human Rights Law, including compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

## COUNT II

**VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW—**
***QUID PRO QUO* SEXUAL HARASSMENT**
**New York City Administrative Code § 8-107**
**(Against All Defendants)**

63.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

64.     Plaintiff is a female student at Columbia University.

65.     During all times relevant to this claim, Defendant Harford was an employee and agent of Defendant Columbia.   During all times relevant to this claim, Defendant Harford

11

functioned in a supervisory capacity towards Plaintiff and had the power to alter the terms and conditions of Plaintiff's educational environment.

66.     Defendant Harford participated in the conduct giving rise to this claim.  Defendant Harford aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

67.     Defendant Harford subjected Plaintiff to unwelcome *quid pro quo* sexual harassment based on her sex.  Defendant Harford subjected Plaintiff to unwelcome sexual conduct, including sexual comments, sexual advances, and coerced sexual conduct.

68.     Plaintiff's reaction to that conduct was used as the basis for decisions affecting the terms, conditions, or privileges of her status as a student at Columbia.  Among other things, Plaintiff was manipulated into believing that continuing her relationship with Defendant Harford would guarantee her receipt of scholarship money, housing, psychological services, and disability accommodations from the school.

69.     A reasonable woman would consider that she was being treated less well than other employees and students under all the circumstances.  Plaintiff actually considered that she was being treated less well than other employees and students because she is female.

70.     A reasonable person would have considered the conduct to be significant and not trivial or petty.  Plaintiff actually considered the conduct to be significant and not trivial or petty.

71.     Defendants created, enabled, and maintained a sexually hostile educational environment.

72.     Defendant Columbia knew of the conduct perpetrated by Defendant Harford and accepted it and/or failed to take immediate and appropriate corrective action.

73.     Moreover, in the exercise of reasonable care, Defendant Columbia should have known of the conduct perpetrated by Defendant Harford and failed to exercise reasonable diligence to prevent such conduct.

74.     Defendant Columbia lacks a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees and agents, and for taking appropriate action against those persons who are found to have engaged in such practices.

75.     Defendant Columbia fails to effectively communicate a firm policy against such practices to its employees and agents.

76.     Defendant Columbia lacks a program to educate employees and agents about unlawful discriminatory practices under local, state, and federal laws.

77.     Defendant Columbia lacks procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

78.     By reason of the continuous nature of Defendants' discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

79.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost future educational and employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

80.     Plaintiff is entitled to all remedies available for violations of the New York City Human Rights Law, including compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

## COUNT III

**VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW—
HOSTILE EDUCATIONAL ENVIRONMENT
New York City Administrative Code § 8-107
(Against All Defendants)**

81.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

82.     Plaintiff is a female student at Columbia University.

83.     During all times relevant to this claim, Defendant Harford was an employee and agent of Defendant Columbia.  During all times relevant to this claim, Defendant Harford functioned in a supervisory capacity towards Plaintiff and had the power to alter the terms and conditions of Plaintiff's educational environment.

84.     Defendant Harford participated in the conduct giving rise to this claim.  Defendant Harford aided, abetted, incited, compelled, or coerced the unlawful acts alleged herein.

85.     Defendant Harford subjected Plaintiff to a hostile educational environment based on her sex.  The hostile environment included sexual comments, sexual advances, and coerced sexual conduct.  All of this conduct was unwanted and grossly inappropriate in light of Defendant Harford's position of power.

86.     A reasonable woman would consider that she was being treated less well than other students under all the circumstances.  Plaintiff actually considered that she was being treated less well than other students because she is female.

87.     A reasonable person would have considered the conduct to be significant and not trivial or petty.  Plaintiff actually considered the conduct to be significant and not trivial or petty.

88.     Defendants created, enabled, and maintained a sexually hostile educational environment.

14

89.     Defendant Columbia knew of the conduct perpetrated by Defendant Harford and accepted it and/or failed to take immediate and appropriate corrective action.

90.     Moreover, in the exercise of reasonable care, Defendant Columbia should have known of the conduct of Defendant Harford and failed to exercise reasonable diligence to prevent such conduct.

91.     Defendant Columbia lacks a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees and agents, and for taking appropriate action against those persons who are found to have engaged in such practices.

92.     Defendant Columbia fails to effectively communicate a firm policy against such practices to employees and agents.

93.     Defendant Columbia lacks a program to educate employees and agents about unlawful discriminatory practices under local, state, and federal laws.

94.     Defendant Columbia lacks procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

95.     By reason of the continuous nature of Defendants' discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

96.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

97.     Plaintiff is entitled to all remedies available for violations of the New York City Human Rights Law, including compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

## COUNT IV

### VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, AS AMENDED — GENDER DISCRIMINATION IN TERMS AND CONDITIONS OF EDUCATION 20 U.S.C. § 1681 *et seq.* (Against Defendant Columbia)

98.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

99.     Upon information and belief, at all times relevant to this action, Columbia has received, and continues to receive, federal financial assistance.

100.    Defendant Columbia has discriminated against Plaintiff by subjecting her to different treatment on the basis of her gender.

101.    Defendant Columbia has discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated male students and by subjecting her to disparate terms and conditions of education in violation of Title IX.

102.    Defendant Columbia's differential treatment of Plaintiff is a direct and proximate result of gender discrimination.

103.    Defendant Columbia has failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of gender discrimination.

104.    By reason of the continuous nature of Defendant Columbia's discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

105.    As a result of Defendant Columbia's unlawful discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost future educational and employment opportunities, humiliation, embarrassment, reputational harm, emotional and

physical distress, mental anguish, and other economic damages and non-economic damages.

106.    Plaintiff is entitled to all legal and equitable remedies available for violations of Title IX, including compensatory damages, attorneys' fees and costs, and other appropriate relief.

## COUNT V

### VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, AS AMENDED — *QUID PRO QUO* SEXUAL HARASSMENT 20 U.S.C. § 1681 *et seq.* (Against Defendant Columbia)

107.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

108.    Upon information and belief, at all times relevant to this action, Columbia has received, and continues to receive, federal financial assistance.

109.    Defendant Columbia has discriminated against Plaintiff by creating and maintaining a hostile educational environment that was so severe, pervasive, and/or objectively offensive that it deprived her of access to educational opportunities or benefits provided by Defendant.

110.    Plaintiff was subject to unwelcome *quid pro quo* sexual harassment based on her sex.  She was subject to unwelcome sexual conduct, including sexual comments and unwanted sexual advances.

111.    A cognizable basis for liability against Columbia exists as this educational institution receives federal funds, had actual notice of the conduct of Defendant Harford, and was deliberately indifferent to this harassment, both before and after the harassment of Plaintiff occurred.

112.    Such deliberate indifference places Plaintiff and other students at risk of sexual harassment.

113.    By reason of the continuous nature of Defendant Columbia's unlawful conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

114.    As a result of Defendant Columbia's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost future educational and employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

115.    Plaintiff is entitled to all legal and equitable remedies available for violations of Title IX, including compensatory damages, attorneys' fees and costs, and other appropriate relief.

## COUNT VI

**VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972,
AS AMENDED —
HOSTILE EDUCATIONAL ENVIRONMENT
20 U.S.C. § 1681 *et seq.*
(Against Defendant Columbia)**

116.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

117.    Upon information and belief, at all times relevant to this action, Columbia has received, and continues to receive, federal financial assistance.

118.    Defendant Columbia has subjected Plaintiff to a sexually hostile educational environment in violation of Title IX.

119.    Defendant Columbia has denied Plaintiff her personal right to work and learn in an environment free of sexual harassment.

120.     Defendant Columbia's discriminatory and harassing practices have been, and continue to be, sufficiently severe or pervasive to create an environment that is both subjectively and objectively hostile, abusive, and retaliatory, and Defendant Columbia tolerated, condoned, ratified, and/or engaged in the hostile work and educational environment, or, in the alternative, knew, or should have known, of its existence and failed to take remedial action.

121.     By reason of the continuous nature of Defendant Columbia's unlawful conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

122.     As a result of Defendant Columbia's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to loss of future educational and employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

123.     Plaintiff is entitled to all legal and equitable remedies available for violations of Title IX, including compensatory damages, attorneys' fees and costs, and other appropriate relief.

## COUNT VII

### NEGLIGENT SUPERVISION AND RETENTION
### (Against Defendant Columbia)

124.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

125.     Columbia owed a duty of care to protect Plaintiff from sexual harassment, which was unwarranted, unwanted and improper.

126.     Columbia breached its duty in its training, supervision and retention of Defendant Harford, employees that Columbia knew, or in the exercise of reasonable care should have known, was unfit to work with and supervise young, female students.

19

127.    As a direct and proximate result of Columbia's breach of its duty, Plaintiff was subjected to sexual harassment by Defendant Harford.

128.    Plaintiff suffered damages and injuries for which Columbia is liable under state law.

## COUNT XIII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Tom Harford)

129.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

130.    Defendant Harford owed Plaintiff a duty of care, which they breached through sexually harassing her.

131.    As a direct and proximate result of Defendant Harford's breach of his duty, Plaintiff was subjected to sexual harassment by Defendant Harford.

132.    Plaintiff suffered damages and injuries for which Defendant Harford is liable under state law.

## COUNT IX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Tom Harford)

133.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

134.    Defendant Harford's sexual harassment of Plaintiff constituted extreme and outrageous conduct.

135.    Through his conduct, Defendant Harford's intended to cause, or disregarded the substantial probability that he would cause, severe emotional distress to Plaintiff.

136.    As a direct and proximate result of Defendant Harford's conduct, Plaintiff suffered damages and injuries for which Defendant Harford is liable under state law.

### PRAYER FOR RELIEF ON CLAIMS

WHEREFORE, Plaintiff prays that this Court:

A.    Award Plaintiff all of her damages under the New York City Human Rights Law, Title IX of the Education Amendments of 1972, and common law, including compensatory damages and punitive damages, in an amount not less than $50 million.

B.    Award Plaintiff all attorneys' fees, costs, and expenses available under law;

C.    Award Plaintiff all pre-judgment interest and post-judgment interest available under law; and

D.    Award Plaintiff such additional and further relief as this Court may deem just and proper.

### VI.    JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Dated:  August 28, 2018                            Respectfully submitted,

David Sanford (*pro hac vice* pending)
Jeremy Heisler (JH-0145)
Meredith Firetog (MF-8973)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
jheisler@sanfordheisler.com
mfiretog@sanfordheisler.com

*Attorneys for Plaintiff*

21