UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JANE DOE,

                *Plaintiff,*

       -*against*-

TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK, and TOM
HARFORD,

                *Defendants.*

-----------------------------------------------------------X

18-cv-07831 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants move to (1) dismiss Plaintiff's complaint without prejudice, or, in the alternative, (2) order Plaintiff to file an amended complaint that anonymizes all non-parties in light of Plaintiff's failure to seek leave of court prior to filing her complaint under a pseudonym. The motion is denied.

## BACKGROUND

Plaintiff, a current student at Columbia University in the City of New York ("Columbia"), alleges sexual misconduct by Defendant Tom Harford, the former Dean of Students at Columbia's School of General Studies. She filed her complaint under the pseudonym Jane Doe. (ECF No.1).[1] In addition to the two defendants, Tom Harford and Trustees of Columbia, Plaintiff's complaint named a member of Columbia's administrative faculty who is not a party to this action but who she alleges knew about her abuse and failed to

---

[1] Unless otherwise noted, citations are made to the civil docket, 18-CV-7831 (PAC).

1

take action (the "non-party").[2] *Id.* On the day after filing the complaint, Plaintiff did what she should have done before filing the complaint; specifically, she sought leave of Court "to proceed pseudonymously, until such time as the Court orders her name to be disclosed," "in light of the highly sensitive, sexual and graphic allegations," and because she feared that public disclosure could "impede her efforts to process, cope with, and recover from [Harford's alleged] conduct," and potentially result in "retaliatory physical and mental harm." (ECF Nos. 5-6). On September 11, 2018, Plaintiff's request was granted. (ECF No. 14).[3] The following day, Defendants filed their opposition. (ECF No. 15).

## DISCUSSION

### I. Legal Standard

Although Federal Rule of Civil Procedure 10(a) requires "the title of the complaint [to] name all the parties," a district court may, under certain circumstances, permit a plaintiff to file a complaint and proceed under pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). When considering such a request, the court balances "the plaintiff's interest in anonymity" with "both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Factors guiding this determination include:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is

---

[2] Defendants refer throughout their motion to the named non-*parties,* but the Court finds only one named non-party in Plaintiff's complaint.
[3] This order was issued by the Honorable Katherine B. Forrest. The case was reassigned to this Court on October 4, 2018.

2

prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations and internal quotation marks omitted).

There have been cases which denied a request to proceed under pseudonym, after finding that permitting a plaintiff to proceed "behind a cloak of anonymity," while requiring a defendant to proceed publicly, would result in prejudice. *Doe v. Shaker*, 164 F.R.D.359, 360 (S.D.N.Y 2006); *see also Doe v. Delta Airlines*, Inc., 310 F.R.D. 222, 225 (S.D.N.Y. 2015). In those instances, however, the judicial remedy was to require both parties to litigate publicly, not to mask the defendant. *See Delta*, 310 F.R.D. at 226 ("Doe is, therefore directed . . . to file an amended complaint, identifying herself by name."). While defendants are sometimes named in a complaint under pseudonym, the policy considerations guiding those decisions are distinct from those at issue here. *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 113 (2d Cir. 2010) (affirming a magistrate judge's denial of a motion to quash a subpoena requested by plaintiff to identify alleged copyright infringers known solely by IP address); *Malibu Media, LLC v. Doe*, No. 15-CV-1862 RJS, 2015 WL 4271825, at *3 (S.D.N.Y. July 14, 2015) (permitting defendants identified by IP address to remain anonymous throughout the litigation since they were charged with "highly embarrassing" accusations).

## II. Analysis

Despite titling their filing "Opposition to Plaintiff's Motion to Proceed under Pseudonym," Defendants "acknowledge that the Court has granted Plaintiff's motion" and "do

3

not oppose the underlying relief requested." (ECF No. 15 at 6). Instead, they argue that Plaintiff should have sought leave of court to file anonymously *prior* to filing her complaint and that given Plaintiff's "procedural missteps," the Court should either dismiss Plaintiff's complaint without prejudice or order Plaintiff to file a new complaint that anonymizes the named non-party "in the interest of fundamental fairness." *Id.*

### A. Motion to Dismiss

The Court first notes that contrary to Defendant's assertions, Plaintiff's failure to seek leave of the court prior to filing under "Jane Doe" is not grounds for dismissal. *See* Fed. R. Civ. P. 17(a) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *see also EW v. New York Blood Ctr.*, 213 F.R.D. 108, 109 (E.D.N.Y. 2003) (characterizing a defendant's claim that the court was required to dismiss plaintiff's action because she filed under pseudonym without permission as "obviously wrong"). In any event, Plaintiff has since made her request to file under pseudonym, which Defendants concede was granted, and which they do not oppose, so there is no need for the Court to reconsider it here.

### B. Motion to Order Plaintiff to Re-file the Complaint that Anonymizes the Named Non-Party

Given that Plaintiff will proceed under pseudonym "until such time as the Court orders her name to be disclosed," (ECF No. 14), the sole issue remains whether "the interest of fundamental fairness," (ECF No. 15 at 6), now entitle Defendants to an amended complaint that anonymizes the non-party named in the complaint. The Court is not convinced that it does.

The relief Defendants seek in this motion appears to be unprecedented. Defendants have not provided the Court with a single case where the remedy granted a defendant after objecting

4

to a plaintiff's pseudonymous filing was to require further anonymity in the complaint, instead of less. *See also N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12 CIV. 6152 VM KNF, 2012 WL 5899331, at *3 (S.D.N.Y. Nov. 26, 2012) ("The parties do not make citation to any authority permitting a defendant to proceed in a civil action by using a pseudonym . . . and the Court does not find any.") There is a strong preference for public scrutiny of judicial proceedings and that consideration is particularly apt here, where Plaintiff is suing both her alleged abuser and Columbia for its failure to act. The non-party, a member of Columbia's faculty allegedly aware of the conduct, provides a critical link between Plaintiff's abuse and the institution's knowledge.

As a final matter, the Court notes that the right Plaintiff requested, and the right granted, was the right to "to proceed pseudonymously, until such time as the Court orders her name to be disclosed." (ECF No. 14.) Nothing in this order precludes Defendants from writing to this Court at a later time and requesting the Court reconsider Plaintiff's continuing right to proceed under pseudonym.

## CONCLUSION

For the above-stated reasons, Defendants' motion is denied.

Dated: New York, New York
October 26, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

5