**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRENE POLITIS, | |
| Plaintiff, | Civil Action No. 1:18-cv-07831-PAC |
| v. | Oral Argument Requested |
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK AND THOMAS HARFORD, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT THOMAS HARFORD'S MOTIONS**
**TO DISMISS COUNTS I, X, AND XI UNDER RULE 12(B)(6),**
**TO STRIKE UNDER RULE 12(F), AND**
**FOR AN ENLARGMENT OF TIME TO ANSWER**

Amy Walsh
Mark Thompson
Angela Colt
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
awalsh@orrick.com
mthompson@orrick.com
acolt@orrick.com

*Attorneys for Defendant Thomas Harford*

4156-1007-2601

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ...................................................................... 1

II.    PROCEDURAL HISTORY............................................................................. 2

III.   PLAINTIFF'S ALLEGATIONS..................................................................... 3

IV.    ARGUMENT .................................................................................................. 4

     A.     COUNTS I, X, AND XII SHOULD BE DISMISSED........................................ 4

          1.     PLAINTIFF'S CLAIM FOR GENDER DISCRIMINATION
              SHOULD BE DISMISSED ......................................................... 4

          2.     PLAINTIFF'S CLAIM FOR NEGLIGENT INFLICTION OF
              EMOTIONAL DISTRESS IS FATALLY FLAWED............................. 5

          3.     PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF
              EMOTIONAL DISTRESS ALSO FAILS................................................ 6

     B.     HARFORD'S MOTION TO STRIKE SHOULD BE GRANTED........................ 7

     C.     THE COURT SHOULD GRANT HARFORD'S REQUEST FOR
          ENLARGEMENT OF TIME TO ANSWER ...................................................... 10

V.     CONCLUSION............................................................................................. 11

4156-1007-2601

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................4, 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................................4

*Chauca v. Abraham,*
    885 F.3d 122 (2d Cir. 2018)...................................................................................8

*Cowan v. City of Mount Vernon,*
    95 F. Supp. 3d 624 (S.D.N.Y. 2015).....................................................................7

*Fernandez v POP Displays,*
    No. 154516/2016, 2017 WL 57820 (N.Y. Sup. Ct. Jan. 03, 2017)..........................5

*Finnegan v. Univ. of Rochester Med. Ctr.,*
    180 F.R.D. 247 (W.D.N.Y.1998)..........................................................................10

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009)....................................................................................4

*Jackson v. Birmingham Bd. of Educ.,*
    544 U.S. 167 (2005)..............................................................................................6

*McGrory v. City of New York,*
    No. 99-Civ.-4062, 2004 WL 2290898 (FM), (S.D.N.Y. May 7, 2004)...................8

*Nash v. Coram Healthcare Corp.,*
    No. 96 Civ. 0298, 1996 WL 363166 (S.D.N.Y. June 28, 1996)..............................7

*Oram v. SoulCycle LLC,*
    979 F. Supp. 2d 498 (S.D.N.Y. 2013)....................................................................8

*Quinby v. WestLB AG,*
    No. 04 CIV.7406 WHP, 2008 WL 3826695 (S.D.N.Y. Aug. 15, 2008)............................8, 10

*Rachuna v. Best Fitness Corp.,*
    No. 1:13-CV-365, 2014 WL 1784446 (W.D. Pa. May 5, 2014)................................5

*Salmon v. Blesser,*
    802 F.3d 249 (2d Cir. 2015)..................................................................................6

4156-1007-2601

*Schmidt v. Bishop*,
   779 F. Supp. 321 (S.D.N.Y. 1991)....................................................................5

*Shaw v. Equitable Life Assurance Socitey of U.S.*,
   No. 82 C 1421, 1982 EL 1460 (N.D. Ill. Oct. 29, 1982) ............................10

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003)...................................................................................9, 10

*Stevens v. New York*,
   691 F. Supp. 2d 392 (S.D.N.Y. 2009).........................................................7

*Stuto v. Fleishman*,
   164 F.3d 820 (2d Cir. 1999)........................................................................7

*Turley v. ISG Lackawanna, Inc.*,
   774 F.3d 140 (2d Cir. 2014)......................................................................10

*Wahlstrom v. Metro-N. Commuter R. Co.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000).......................................................5, 6

**Statutes**

New York City Human Rights Law ("NYCHRL")..............................1, 2, 4, 5, 7, 8, 9

N.Y.C. Admin. Code § 8-107 ......................................................................1

N.Y.C. Admin. Code § 8-107(4)(a)(1)(a) ....................................................4

**Other Authorities**

Fed. R. Civ. Proc. 12(b)(6) ....................................................................1, 7

Fed. R. Civ. Proc. 12(f)........................................................................1, 11

4156-1007-2601

Defendant Thomas Harford respectfully submits this Memorandum of Law in Support of his Motions to Dismiss Counts I, X, and XI under Rule 12(b)(6), to Strike under Rule 12(f), and for an Enlargement of Time to Answer the First Amended Complaint (the "FAC") of Plaintiff Irene Politis, filed on January 17, 2019, ECF 23.[1]

## I.    <u>PRELIMINARY STATEMENT</u>

The gravamen of Plaintiff's entire lawsuit is that Plaintiff was the victim of unwelcome and unsolicited sexual attention from Thomas Harford.  In fact, it was quite the opposite.  Plaintiff was a 25 year-old adult woman at the time she set her sights on Mr. Harford.  Plaintiff does not allege, nor could she, that she and Mr. Harford ever engaged in sexual intercourse.  And Plaintiff does not and cannot allege with specificity what purported "sex acts" took place; the most the FAC alleges with specificity is kissing.  Contrary to the FAC's insinuations, six days after Plaintiff kissed Mr. Harford, he informed Plaintiff that although he was very concerned about her, he could not and would not engage in a physical relationship with her.  Plaintiff now sues The Trustees of Columbia University in the City of New York ("Columbia") and Mr. Harford (collectively, "Defendants") for $60 million.

Plaintiff's suit is meritless.  Even accepting Plaintiff's allegations as true, as the Court must, Counts I, X, and XI fail because Plaintiff has not even attempted to plead—and indeed cannot plead—the bare elements of the claims.

*First*, Plaintiff's claim for gender discrimination in terms, conditions, and privileges under the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-107, fails because she has not and cannot allege that she was refused or denied any specific

---

[1] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure. All citations, internal alterations, and quotation marks are omitted, unless otherwise noted.

educational "accommodations, advantages, services or privileges" as a result of Mr. Harford's alleged actions.

*Second*, Plaintiff's negligent infliction of emotional distress ("NIED") is premised on a duty (which she does not allege Mr. Harford owed her), which he purportedly breached by "sexually harassing her." As a matter of law, sexual harassment claims are intentional torts and cannot serve as the basis for a claim of a claim of a tort sounding in negligence. This claim also fails for failure to allege any duty or facts supporting a breach of the nonexistent duty.

*Third*, Plaintiff's claim for intentional infliction of emotional distress ("IIED") fails as a matter of law because IIED claims are not recoverable when premised on another allegedly actionable tort (here, her NYCHRL discrimination claims). Even without her municipal law-related claims, her IIED claims must be dismissed because her allegations of ordinary sexual harassment do not come close to the level of "extreme and outrageous conduct" necessary to sustain such a claim. In sum, the Court should dismiss Counts I, X, and XI.

In addition, Plaintiff's request for damages in an "amount not less than $60 million" are not recoverable as a matter of law and should be stricken. Such an award would be "grossly excessive" and in violation of due process. And to the extent the Court deems it necessary, Mr. Harford also moves for an enlargement of time to answer the remaining counts of the Amended Complaint until after the Court decides his motions to dismiss and to strike.

## II.   **PROCEDURAL HISTORY**

On August 28, 2018, Plaintiff filed the instant lawsuit against Defendants under the pseudonym "Jane Doe," asserting $50 million in damages. ECF 1 at 21. On January 17, 2019, Plaintiff filed an amended complaint under her own name, Irene Politis, adding state and federal retaliation claims against Columbia and raising her damages demand to $60 million. ECF 23 at 32.

III.   **PLAINTIFF'S ALLEGATIONS**

In May 2018, before matriculating at the GS school at Columbia, Plaintiff was homeless. ECF 23 ¶ 24.  She was raped while staying at an acquaintance's apartment off campus.  ECF 23 ¶ 24.  Plaintiff sought help from Columbia, whose Sexual Violence Response team asked Mr. Harford, then-Dean of Students at GS, to advocate for Plaintiff to get housing through Columbia. ECF 23 ¶ 25.

Mr. Harford met Plaintiff, learned that she was homeless and had no money, and gave her $500 cash.  ECF 23 ¶ 27.  In addition to helping Plaintiff secure housing, Mr. Harford also helped arrange for Plaintiff to meet with a psychologist and for other health services following her sexual assault.  ECF 23 ¶¶ 29-30.

Plaintiff began sending Mr. Harford text messages and spoke to him on the phone and over video chat.  ECF 23 ¶ 31.  According to Plaintiff's telling, Mr. Harford "pressur[ed] Ms. Politis to submit to his sexual advances despite her discomfort."  ECF 23 ¶ 32.[2]  Plaintiff generally alleges that she engaged in a sexual and romantic relationship with Mr. Harford because he "promised to 'take care of' her and controlled her access to housing, psychological services, disability accommodations, and other Columbia resources."  ECF 23 ¶ 35.  Although she alleges that Mr. Harford was "one of the highest-ranking officials," and "the primary and most powerful liaison between GS students and GS administration and faculty," ECF 23 ¶ 53, she does not otherwise support her allegation.[3]

Plaintiff seeks $60 million in compensatory and punitive damages.  ECF 23 at 32.

---

[2] Mr. Harford notes that the text messages do not evidence "pressure" from Mr. Harford, nor any "discomfort" from Plaintiff.
[3] Nor could she.  Mr. Harford never controlled access to any resource at Columbia.  As the then-Dean of Students, he helped advocate for her, at her request.

IV.     **ARGUMENT**

   A.     **Counts I, X, and XII Should Be Dismissed**

To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

   1.     **Plaintiff's Claim for Gender Discrimination Should Be Dismissed**

In Count I for gender discrimination under the NYCHRL, Plaintiff alleges that Defendants have subjected her to "discrimination in the terms, conditions, or privileges of public accommodation." ECF 23 ¶ 90.

To state a claim of gender discrimination under the public accommodation provisions of the NYCHRL, Plaintiff must allege specific, plausible allegations indicating that she was refused or denied "the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges" of Columbia because of her gender. N.Y. C. Admin. Code § 8-107(4)(a)(1)(a); *Iqbal*, 556 U.S. at 678 (2009). This she has not done.

Plaintiff fails to allege that she was denied any housing, scholarship funding, or disability accommodations, or that any denial was the result of her "relationship" with Mr. Harford. On the contrary, Plaintiff's allegations suggest that Mr. Harford made substantial efforts to accommodate Plaintiff and that, as a result, she was granted—not refused—particular "accommodations, advantages, services facilities or privileges" at Columbia. ECF 23 ¶ 29 ("Harford arranged for Ms. Politis to meet with a therapist at CPS"); *id*. ¶ 30 ("Harford also assisted Ms. Politis in

-4-

accessing Columbia health services so that she could acquire necessary prophylactic medication following her sexual assault.").

Furthermore, to the extent that Plaintiff contends that she was denied the "full and equal enjoyment, on equal terms and conditions of any of the accommodations, advantages, services facilities or privileges" of Columbia based on her allegations of sexual harassment, Count I is duplicative of Counts II and III of the FAC, which specifically allege *quid pro quo* and hostile work educational environment sexual harassment, and should be dismissed on this basis.  *See Fernandez v. POP Displays*, No. 154516/2016, 2017 WL 57820, at *2 (N.Y. Sup. Ct. Jan. 03, 2017) (dismissing plaintiff's gender discrimination claim under the NYCHRL because it was duplicative of her claim for hostile work environment); *see also Rachuna v. Best Fitness Corp.*, No. 1:13-CV-365, 2014 WL 1784446, at *5 (W.D. Pa. May 5, 2014) (dismissing plaintiff's claim for sex discrimination because it was duplicative of his claim for sexual harassment).

Accordingly, Count I should be dismissed.

## 2.     Plaintiff's Claim for Negligent Infliction of Emotional Distress is Fatally Flawed

Plaintiff bases her state common law claim of negligent infliction of emotional distress ("NIED") on her conclusory allegation that Mr. Harford "owed Plaintiff a duty of care, which he breached through sexually harassing her."  ECF 23 ¶ 186.

The NIED claim fails as a matter of law because sexual harassment—an intentional tort—cannot form the basis of a claim sounding in negligence.  *See Wahlstrom v. Metro-N. Commuter R. Co.*, 89 F. Supp. 2d 506, 531–32 (S.D.N.Y. 2000) ("Because the actions alleged here were intentional and deliberate and allegedly in their nature offensive, they are outside the ambit of actionable negligence."); *Schmidt v. Bishop*, 779 F. Supp. 321, 324 (S.D.N.Y. 1991) ("New York courts have rejected uniformly such attempts to transmogrify intentional torts into "negligence".).

Sexual harassment is an intentional act. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005) ("sexual harassment is *intentional* discrimination") (emphasis added). *See also* ECF 23 ¶ 191 (alleging Mr. Harford "intended to cause" emotional distress). Accordingly, Plaintiff's NIED claim should be dismissed.

Moreover, even if this were not fatal to Plaintiff's NIED claim (which it is), she has also failed to allege the basic elements of the claim. For example, nowhere does Plaintiff allege that Mr. Harford owed Plaintiff a specific duty of care. *See Wahlstrom*, 89 F. Supp. at 531 (dismissing NIED claim where plaintiff failed to allege defendant owed any specific duty) (collecting cases). Indeed, the word "duty" appears only twice in the 192-paragraph FAC with respect to Mr. Harford. ECF 23 ¶ 186 ("Defendant Harford owed Plaintiff a duty of care, which he breached through sexually harassing her."); *id*. ¶ 187 ("As a direct and proximate result of Defendant Harford's breach of his duty, Plaintiff was subjected to sexual harassment by Defendant Harford."). These allegations are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and thus do not suffice. *Iqbal*, 556 U.S. at 678.

### 3. Plaintiff's Claim for Intentional Infliction of Emotional Distress Also Fails

Count XI, a claim for intentional infliction of emotional distress ("IIED") is equally fatally flawed. New York courts do not allow recovery for a claim of IIED where the challenged conduct "falls well within the ambit of other traditional tort liability." *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015) ("[U]nder New York law, an intentional infliction tort may be invoked only as a last resort to provide relief in those circumstances where traditional theories of recovery do not.").

By her own pleading, Plaintiff predicates her claim for IIED on Mr. Harford's alleged sexual harassment, ECF 23 ¶ 190, and she brings multiple claims for harassment and

-6-

discrimination under the NYCHRL.  Thus, "there is no reason to apply the theory" of intentional infliction of emotional distress.  *See Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 659 (S.D.N.Y. 2015) (dismissing plaintiff's claim for intentional infliction of emotional distress because the New York State Human Rights Law provided another avenue of recovery).  As a matter of law, Count XI should be dismissed.

Moreover, the IIED claim should be dismissed for an additional reason: Plaintiff again fails to allege the basic elements of her claim.  Plaintiff glibly alleges, in conclusory fashion, that Mr. Harford's purported sexual harassment of her constituted "extreme and outrageous conduct."  ECF 23 ¶ 190.

But garden variety sexual harassment allegations alone are insufficient to state a claim for IIED. *See Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009) ("'Acts which merely constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating criticism, intimidation, insults or other indignities fail to sustain a claim of [intentional infliction of emotional distress] because the conduct alleged is not sufficiently outrageous.'")  IIED claims require conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999).

Nowhere does Plaintiff allege any acts beyond ordinary sexual harassment. Her threadbare recitals of "extreme and outrageous conduct" are insufficient to sustain a claim for IIED.  Count XI claim should be dismissed for this reason as well.

### B.       Harford's Motion to Strike Should Be Granted

Under Rule 12(f), a court may strike from any pleading an insufficient defense or any other "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Demands for damages that are not recoverable as a matter of law should be stricken.  *See Nash v. Coram*

-7-

*Healthcare Corp.*, No. 96 Civ. 0298, 1996 WL 363166, at \*4 (S.D.N.Y. June 28, 1996) (holding punitive damages not recoverable under ordinary breach of contract claim should be stricken).

Here, Plaintiff seeks compensatory damages and punitive damages "in an amount not less than $60 million," an increase of $10 million from her initial complaint. ECF 23 at 32; ECF 1 at 21. Sixty million dollars far exceeds any amount that Plaintiff could plausibly be awarded under applicable law, even if she prevailed on every one of her claims.

As explained above, Plaintiff has failed to allege that she was refused or denied any "accommodations, advantages, services, facilities or privileges" of Columbia and thus, cannot allege that she was damaged as a result thereof. Her claims for emotional distress are equally fatally flawed. But any emotional distress she alleges to have suffered because of her alleged short-term "romantic relationship" with Mr. Harford —a relationship existing only in her mind, because in fact it amounted to one kiss, nothing more—could not approach the amount requested. *See Quinby v. WestLB AG*, No. 04 CIV.7406 WHP, 2008 WL 3826695, at \*3 (S.D.N.Y. Aug. 15, 2008) ("'Garden variety' emotional distress claims lacking extraordinary circumstances and without medical corroboration generally merit $30,000 to $125,000 awards."); *see also McGrory v. City of New York*, No. 99-Civ.-4062, 2004 WL 2290898 (FM), at \* 15 (S.D.N.Y. May 7, 2004) ("[L]arge awards for emotional distress have been sustained by the state and federal courts where the discriminatory conduct was egregious or persisted for an extended period.").

Punitive damages are not recoverable here. "[T]he standard for determining damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 885 F.3d 122, 124 (2d Cir. 2018).[4]

---

[4] As detailed above, Count I (Gender Discrimination Under the NYCHRL), Count X (Negligent Infliction of Emotional Distress) and Count XI (Intentional Infliction of Emotional Distress)

Plaintiff will not be able to demonstrate a violation of the NYCHRL, let alone meet the heightened standard required for an award of punitive damages because Plaintiff's "relationship" with Mr. Harford was instigated and manipulated by her, and occurred during a period less than the three months (May-August 2018) that Plaintiff knew Mr. Harford.  ECF 23 ¶¶ 8, 50.

Even if, however, Plaintiff could establish a violation of the NYCHRL and meet the heightened standard required for an award of punitive damages (which she cannot), the punitive damages award sought by Plaintiff would be "grossly excessive" and in violation of due process. To determine whether punitive damages are grossly excessive, courts consider three "guideposts": "(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003).  "[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."  *Id.* at 425.  And "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety."  *Id.*

Here, each of the guideposts articulated by the Supreme Court makes clear that an award in the amount sought by Plaintiff would be "grossly excessive."  First, although Plaintiff has alleged an inappropriate relationship, she fails to allege (and cannot allege) any action on the part of Mr. Harford that can be categorized as "reprehensible."  Second, as detailed above, Plaintiff can allege little to no actual damages—she has not alleged that she was refused or denied any benefit

---

should be dismissed.  The only remaining claims against Mr. Harford are under the NYCHRL—Count II (Quid Pro Quo Sexual Harassment Under the NYCHRL) and Count III (Hostile Educational Environment Under the NYCHRL).

from Columbia as result of the "relationship" that she instigated with Mr. Harford and any emotional distress damages resulting therefrom would be minimal.  Third, punitive damages in discrimination cases such as this simply do not approach the stratosphere Plaintiff is seeking.  Even assuming Plaintiff could obtain $125,000 as compensatory damages for her "garden variety" allegations of emotional distress, *Quinby*, 2008 WL 3826695, at *3, the most she could obtain in punitive damages would be four times that amount, or $500,000.  *See State Farm*, 538 U.S. at 425 ("[A]n award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety.").  *See also Turley v. ISG Lackawanna, Inc*., 774 F.3d 140, 166 (2d Cir. 2014) (noting that punitive awards for discrimination rarely exceed $1.5 million). Plaintiff's demand for $60 million "serves no purpose except to inflame the reader," *Oram* v. *SoulCycle LLC*, 979 F. Supp. 2d 498, 512 (S.D.N.Y. 2013), and prejudicially presents the jury with "a large, easily remembered figure."  *Shaw* v. *Equitable Life Assurance Society of U.S.*, No. 82 C 1421, 1982 WL 1460 at *1 (N.D. Ill. Oct. 29, 1982).

As a matter of law, Plaintiff cannot recover the $60 million in damages she seeks.  Her $60 million demand should be stricken.

## C.   The Court Should Grant Harford's Request for Enlargement of Time to Answer

The majority rule is that filing a partial motion to dismiss suspends the time to respond to the entire complaint, not merely to claims that are the subject of the motion.  *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249–50 (W.D.N.Y.1998) (collecting cases).  Nevertheless, in an abundance of caution, Harford respectfully requests an enlargement of time to answer the remaining counts of the FAC until after the Court decides his motions to dismiss and to strike.

-10-

## V.     <u>CONCLUSION</u>

For the reasons set forth above, the Court should enter an order granting Harford's partial

motion to dismiss and his motion to strike.


Dated:     New York, New York
           February 12, 2019

                                        Respectfully submitted,


                                        By:    */s/ Amy Walsh*_____
                                              Amy Walsh
                                              Mark Thompson
                                              Angela Colt
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                                              51 West 52nd Street
                                              New York, NY  10019-6142
                                              Tel:      (212) 506 5000
                                              awalsh@orrick.com
                                              mthompson@orrick.com
                                              acolt@orrick.com

                                              *Attorneys for Defendant Thomas Harford*