UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JANE DOE,<br><br>                              Plaintiff,<br><br>           v.<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY IN THE CITY OF NEW YORK<br>AND TOM HARFORD,<br><br>                              Defendants. | No. 1:18-cv-07831 (PAC)<br><br>Oral Argument Requested |

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
THE TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK'S MOTION FOR SANCTIONS
PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 5

I.     Rule 11 Sanctions Are Warranted Against a Party and Counsel Who Make Factual Assertions Lacking Evidentiary Support ................................................................ 5

II.    Plaintiff's "Forcible Eviction" Allegation Lacks Evidentiary Support .............................. 7

III.   Withdrawing the Baseless Allegation of "Forcible Eviction" from the Amended Complaint Is an Appropriate and Reasonable Sanction Under Rule 11 ............................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
　579 F.3d 143 (2d Cir. 2009) ................................................................................................... 6

*Gowanus Indus. Park, Inc.* v. *Arthur H. Sulzer Assocs., Inc.*,
　No. 06-cv-105, 2008 WL 877203 (E.D.N.Y. Apr. 1, 2008) ................................................... 6

*Gutierrez* v. *Fox*,
　141 F.3d 425 (2d Cir. 1998) ................................................................................................... 5

*Hutter* v. *Countrywide Bank, N.A.*,
　710 F. App'x 25 (2d Cir. 2018) .............................................................................................. 7

*In re Sept. 11th Liab. Ins. Coverage Cases*,
　243 F.R.D. 114 (S.D.N.Y. 2007) ........................................................................................ 6, 7

*Katzman* v. *Victoria's Secret Catalogue*,
　167 F.R.D. 649 (S.D.N.Y. 1996),
　*aff'd sub nom. Katzman* v. *Victoria's Secret Catalogue, Div. of The Ltd., Inc.*,
　113 F.3d 1229 (2d Cir. 1997) ............................................................................................... 10

*Lawrence* v. *Wilder Richman Sec. Corp.*,
　417 F. App'x 11  (2d Cir. 2010) ............................................................................................. 9

*Levine* v. *Fed. Deposit Ins. Corp.*,
　2 F.3d 476 (2d Cir. 1993) ....................................................................................................... 5

*Lipin* v. *Nat'l Union Fire Ins. Co.*,
　202 F. Supp. 2d 126 (S.D.N.Y. 2002) .................................................................................... 7

*Moazed* v. *First Union Mortg. Corp.*,
　221 F.R.D. 28 (D. Conn. 2004) ........................................................................................... 6, 7

*Paese* v. *New York Seven-Up Bottling Co.*,
　158 F.R.D. 34 (S.D.N.Y. 1994) ........................................................................................... 5, 7

*Romeo & Juliette Laser Hair Removal, Inc.* v. *Assara I, LLC*,
　924 F. Supp. 2d 505 (S.D.N.Y. 2013) .................................................................................. 10

*Sourceone Healthcare Techs., Inc.* v. *Bensonhurst Imaging Assocs. Mgmt. LLC*,
　No. 08-cv-2568, 2008 WL 2697324 (E.D.N.Y. July 2, 2008) ............................................... 8

*Video Voice, Inc.* v. *Local TV Inc.*,
   156 A.D.3d 848 (2d Dep't 2017) .................................................................................... 9

*Young* v. *Corbin*,
   889 F. Supp. 582 (N.D.N.Y. 1995) ................................................................................. 6

*Yu Sen Chen* v. *MG Wholesale Distribution Inc.*,
   No. 16-cv-4439, 2018 WL 2088016 (E.D.N.Y. May 4, 2018) ........................................ 5

**STATUTES**

Federal Rule of Civil Procedure 11 ............................................................................................ 1

N.Y.C. Admin. Code § 26-521 ................................................................................................... 9

**OTHER AUTHORITIES**

Amendments to the Federal Rules of Civil Procedure and Forms,
   Advisory Committee Notes, Apr. 22, 1993,
   *reprinted in* 146 F.R.D. 401 (1993) ............................................................................... 6

Lucas Ferrara, LANDLORD AND TENANT PRACTICE IN NEW YORK (2019), § 16:379 ...................... 9

Wright & Miller *et. al*, 5A FED. PRAC. & PROC. CIV. § 1336.3 (4th ed.) ..................................... 10

Defendant The Trustees of Columbia University in the City of New York ("Columbia" or "University") respectfully submits this memorandum of law in support of its motion pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure for sanctions against Plaintiff Irene Politis and her counsel, Sanford Heisler Sharp, LLP.

**PRELIMINARY STATEMENT**

In her Amended Complaint, Plaintiff includes the demonstrably false allegation that Columbia "forcibl[y] evict[ed]" her from University housing.  (Am. Compl., ECF No. 26, ¶ 79.) Plaintiff and her counsel know this allegation to be false because, as Plaintiff well knows, she left her Columbia apartment voluntarily.  No one at Columbia even asked her to leave, let alone evicted her using force or otherwise.  Indeed, the first time anyone at Columbia became aware that Plaintiff was moving out of her University apartment was when Plaintiff's counsel emailed Columbia's outside counsel to ask where Plaintiff could deposit her keys.

Under Rule 11, Plaintiff and her counsel were obliged to conduct a reasonable inquiry to ensure the allegation of "forcible eviction" had evidentiary support before including it in Plaintiff's Amended Complaint.  Plaintiff and her counsel also were obliged to withdraw this baseless allegation after Columbia gave them notice demonstrating that the allegation lacked any support.  But Plaintiff and her counsel have refused to withdraw the allegation despite their inability to articulate any evidentiary basis for the allegation.

Columbia and its counsel are not in the practice of resorting to Rule 11 and do so here with reluctance.  But Plaintiff's allegation is nothing more than a transparent attempt to bolster her otherwise meritless retaliation claims and a gratuitous effort to tarnish the University's reputation.  By pressing this blatantly and knowingly false allegation, Plaintiff and her counsel are abusing the judicial process.  This Court should sanction Plaintiff and her counsel under Rule 11 by requiring that they withdraw or waive her baseless allegation of forcible eviction.

## STATEMENT OF FACTS

Plaintiff is a 25-year-old woman who enrolled in the Columbia School of General Studies ("GS") in the summer of 2018. On July 20, 2018, she signed a lease for a University-owned apartment. (Kaplan Decl. Ex. 1.[1]) Shortly thereafter, rent for the Fall 2018 semester of approximately $7,475 was billed to Plaintiff's student account. (*Id.* Ex. 2 at 2.)

Plaintiff filed her original Complaint on August 28, 2018. (ECF No. 1.) A few weeks later, in September 2018, Plaintiff withdrew from Columbia for medical reasons. (Kaplan Decl. Ex. 3.) Notwithstanding her withdrawal, on September 25, 2018, the Acting Dean of Students at GS granted Plaintiff's request to "remain in [her] University housing . . . through the Fall 2018 semester." (*Id.*) This accommodation was granted on the understanding that Plaintiff would return to classes in Spring 2019, and it was noted in the Acting Dean's September 2018 email that Plaintiff would be required to vacate if she did not re-enroll.[2] (*Id.*) Plaintiff continued to live in the apartment but did not pay any of the rent billed to her account for the Fall 2018 semester. (*Id.* Ex. 2 at 2 (reflecting late payment charges).) On November 29, 2018, Plaintiff's student account was billed for rent for the Spring 2019 semester and her total arrears, including a late payment charge, increased to more than $16,860. (*Id.* Ex. 5.) Columbia has taken no action to recover these outstanding amounts (*id.* ¶ 11), and has never asked Plaintiff to vacate her University apartment (Kuth Decl. ¶ 3).[3]

---

[1] "Kaplan Decl." or "Kaplan Declaration" refers to the February 12, 2019 Declaration of Roberta A. Kaplan, filed simultaneously herewith. "Ex. __" refers to the exhibits attached to the Kaplan Declaration.

[2] The Acting Dean of Students' email was entirely consistent with the applicable University housing policy, which provides that "[s]tudents in Columbia Residential must be enrolled full-time in a housing-eligible program to remain in housing. Students who drop below full-time status must vacate within 30 days." (Kaplan Decl. Ex. 4 at 6 of 15.)

[3] "Kuth Decl." or "Kuth Declaration" refers to the February 11, 2019 Declaration of Monica L. Kuth, filed simultaneously herewith.

On January 9, 2019, Plaintiff's counsel sent an email to Columbia's outside counsel in this litigation stating, "because Columbia is forcibly evicting [Plaintiff] from her student housing, she will be vacating her apartment" the next day and asking "where she should deposit the keys to the apartment." (Kaplan. Decl. Ex. 6 at 4.) The next day, Columbia's outside counsel responded, noting that Columbia was "not aware of anyone at Columbia taking action to 'evict' Ms. Politis, 'forcibly' or otherwise," and asking Plaintiff's counsel to "provide some information as to the basis for that accusation." Columbia's counsel also noted that "[i]f, on the other hand, Ms. Politis has decided that she wishes to voluntarily leave the apartment, her keys may be left with the building's superintendent." (*Id*. at 3.) In response later that day, Plaintiff's counsel stated that Plaintiff's belief that she was "being forcibly evicted from her student housing" was based on the September 25 email from the Acting Dean of Students for GS—sent more than three months earlier—which had mentioned that Plaintiff would be required to vacate if she did not enroll in classes for the Spring 2019 semester.[4] (*Id.* at 2.)

Replying later that same day, Columbia's outside counsel noted that despite numerous communications since the conclusion of the Fall 2018 semester, neither Columbia nor its outside counsel had made any statements to Plaintiff or her counsel, nor "taken any action to suggest that the accommodation was ending" (*id.* at 1-2)—referring to the accommodation permitting Plaintiff to remain in University housing despite not being enrolled as a student. As Columbia's outside counsel also noted, Columbia had "received no request from you or your client to extend that accommodation." (*Id*.) Nevertheless, Columbia's counsel confirmed in the January 10 email that Plaintiff had "at no time been asked to leave Columbia housing," noting that

---

[4]  The email from Plaintiff's counsel also referred to communications that were agreed between the parties to be confidential and which have therefore been redacted.

3

"the University's records show that charges have been added for the spring semester, which would be entirely inconsistent with an expectation of your client vacating the apartment." (*Id*.) Plaintiff's counsel replied shortly thereafter, stating only that she "disagree[d]" with Columbia's "position on this issue." (*Id*. at 1.)

Despite this clear and unequivocal confirmation from Columbia's counsel that Plaintiff was not being evicted, Plaintiff voluntarily left Columbia housing on January 10, 2019. (Kuth Decl. ¶¶ 3-4.)

On January 18, 2019, Plaintiff filed an Amended Complaint in which she added two new causes of action for "retaliation" under Title IX and the New York City Human Rights Law. (*See* Am. Compl. ¶¶ 130-140, 169-179.) In purported support of her new retaliation claims, Plaintiff has alleged in the Amended Complaint that Columbia "forcibl[y] evict[ed] . . . Plaintiff from Columbia housing" in "direct retaliation" for filing this lawsuit. (*Id.* ¶ 79.) But Plaintiff does not set forth any factual detail as to who "forcibly evicted" her, what they did—forcibly or otherwise—to evict her, or any communications with any Columbia staff concerning Plaintiff's housing in the days leading up to her voluntary departure from her Columbia apartment.

On January 24, 2019, outside counsel for Columbia sent a Rule 11 letter to David Sanford, lead counsel for Plaintiff, reaffirming that no one at Columbia ever took any action to evict Plaintiff, forcibly or otherwise, and requesting that Plaintiff's baseless allegation of "forcible eviction" immediately be stricken from the Amended Complaint. (Kaplan Decl. Ex. 7.) The letter attached a draft Notice of Motion setting forth the relief that Columbia proposed to seek if the allegation were not withdrawn. (*Id*.)

4

Mr. Sanford responded by email the following day, stating that Plaintiff stood by the allegation of forcible eviction, and speculating that "[d]iscovery will demonstrate the truth." (*Id.* Ex. 8.) Mr. Sanford's email did not identify any factual basis for the allegation.

## ARGUMENT

### I. Rule 11 Sanctions Are Warranted Against a Party and Counsel Who Make Factual Assertions Lacking Evidentiary Support

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a person who presents a pleading to a court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading's factual contentions "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Rule 11 thus imposes an "affirmative duty . . . to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez* v. *Fox,* 141 F.3d 425, 427 (2d Cir. 1998) (citation and internal quotation marks omitted). The purpose of this duty is to "deter baseless filings and curb abusive litigation." *Paese* v. *New York Seven-Up Bottling Co.*, 158 F.R.D. 34, 37 (S.D.N.Y. 1994); *see also Levine* v. *Fed. Deposit Ins. Corp.*, 2 F.3d 476, 479 (2d Cir. 1993) (affirming award of sanctions for "baseless factual allegations" in a signed pleading that could not be substantiated); *Yu Sen Chen* v. *MG Wholesale Distribution Inc.*, No. 16-cv-4439, 2018 WL 2088016, at *1 (E.D.N.Y. May 4, 2018) (imposing Rule 11 sanctions, holding that it was "counsel's obligation under Rule 11 to withdraw the Complaint or portions of the Complaint because they knew—by the filing date if not earlier—that some of their allegations on [a] central (and dispositive) issue in the case were utterly lacking in support") (alterations, citation, and internal quotation marks omitted).

5

Moreover, Rule 11(b) imposes a continuing obligation on litigants and their counsel to cease advocating claims once the lack of factual support becomes apparent. *See* Amendments to the Federal Rules of Civil Procedure and Forms, Advisory Committee Notes, Apr. 22, 1993, *reprinted in* 146 F.R.D. 401, 585–86 (1993) (stating that conduct subject to sanction under Rule 11 includes "reaffirming to the court and advocating positions contained in [the litigant's] pleadings and motions after learning that they cease to have merit"); *Young* v. *Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y. 1995) (imposing Rule 11 sanctions, holding that "[t]he focus of Fed. R. Civ. P. 11 is to emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable").[5] To succeed on a Rule 11 motion, the movant is not required to show that the party or her counsel acted in bad faith; instead, it need only be shown that the conduct was objectively unreasonable. *See ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

Courts in this Circuit have consistently held that Rule 11 sanctions are appropriate for a pleading containing factual allegations that "had no evidentiary support" and that were not accompanied by a "specific disclaimer that additional investigation is necessary."[6] *Moazed* v. *First Union Mortg. Corp.*, 221 F.R.D. 28, 31, 33 (D. Conn. 2004) (granting motion for sanctions for repeated presentation of factual allegations that did not have any evidentiary support); *see also In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 126, 131 (S.D.N.Y. 2007) (imposing Rule 11 sanction for a baseless factual contention that was "either dishonest, or objectively

---

[5] Misrepresentations of fact to a court may also violate the American Bar Association's Model Rules of Professional Conduct. *See, e.g., Gowanus Indus. Park, Inc.* v. *Arthur H. Sulzer Assocs., Inc.*, No. 06-cv-105, 2008 WL 877203, at *8 (E.D.N.Y. Apr. 1, 2008) ("[C]ounsel's conduct flies in the face of Model Rule 3.3, which states, *inter alia*, that an attorney shall not knowingly 'make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.'" (citing and quoting Model Rule of Prof. Conduct 3.3(a)(1))).

[6] The allegation at issue here (Am. Compl. ¶¶ 78-79) was not accompanied by such a disclaimer and thus Plaintiff and her counsel cannot rely on the "further investigation" provision of Rule 11(b)(3) to avoid sanction.

unreasonable, or the product of a failure to make reasonable inquiries"); *Paese*, 158 F.R.D at 37 (imposing sanctions for continuing to prosecute claims after it became apparent that the available evidence failed to provide a factual basis for an essential element of those claims). Sanctions can be awarded against parties and their counsel alike. *See, e.g.*, *Hutter* v. *Countrywide Bank, N.A.*, 710 F. App'x 25, 26 (2d Cir. 2018) (affirming order of sanctions against both plaintiff and attorney under Rule 11(b)(3)); *In re Sept. 11th*, 243 F.R.D. at 116 (imposing Rule 11 sanction against party and counsel); *Lipin* v. *Nat'l Union Fire Ins. Co.*, 202 F. Supp. 2d 126, 140 (S.D.N.Y. 2002) (citations omitted) (same).

## II.   Plaintiff's "Forcible Eviction" Allegation Lacks Evidentiary Support

Plaintiff's contention that Columbia "forcibl[y] evict[ed]" her from University housing clearly meets the Rule 11 standard of a "factual allegation[] which do[es] not have any evidentiary support." *Moazed*, 221 F.R.D. at 33. As Plaintiff and her counsel are well aware, and as set forth in detail above, *see supra* at pp. 2-5, no one at Columbia (1) directed Plaintiff to vacate her University apartment, either verbally or in writing, (2) sent her an email or other written notice informing her that her lease was at an end, (3) in any way forced her out of her University apartment, or (4) did anything whatsoever to interfere with her occupancy of her University apartment, forcibly or otherwise. Indeed, Plaintiff has not alleged any facts in her Amended Complaint that would suggest anything to the contrary. Since Plaintiff is the one who was purportedly "forcibly evicted," any facts supporting that contention would unquestionably be within her own firsthand knowledge. And yet the only evidence offered by Plaintiff and her counsel of such "forcible eviction" was an email from the Acting Dean of Students at GS from over three months earlier, in which the Acting Dean simply (a) confirmed that Plaintiff would be permitted to stay in her Columbia apartment for the Fall 2018 semester even though she had withdrawn from school for that semester, and (b) noted that if Plaintiff did not resume classes in

the Spring 2019 semester, she would be required to vacate from housing.  (*See* Kaplan Decl. Ex. 3; Am. Compl. ¶¶ 78-79.)

Nothing in the Acting Dean's email from over three months prior to Plaintiff's voluntary departure constituted an eviction, much less a "forcible eviction."  And even if Plaintiff and her counsel had misunderstood the Acting Dean's email, there was no basis for them to persist in such a misunderstanding given that Plaintiff's account reflected a balance due of more than $8,000.00 for University housing for "Spring 2019."  (Kaplan Decl. Ex. 5.)  Such a charge clearly manifested Columbia's intention for Plaintiff to continue to stay in her University apartment.  Any remaining doubt about Plaintiff's continued right to occupy the apartment was surely dispelled by the emails from Columbia's outside counsel to Plaintiff's counsel on January 10, 2019, which expressly affirmed that Plaintiff had not been, and was not being, asked to vacate her apartment.  (*Id.* Ex. 6.)

Rather than forming the basis of a claim of "forcible eviction," the facts demonstrate that Plaintiff and her counsel knew that her "forcible eviction" allegation had no evidentiary support at the time they filed her Amended Complaint on January 18, 2019, in violation of Rule 11.  And in further violation of the rule, Plaintiff and her counsel have continued to assert their baseless forcible eviction allegation even after Columbia served a letter and proposed Notice of Motion in accordance with Rule 11(c)(2), thereby requiring Plaintiff to articulate an evidentiary basis or else withdraw the allegation.  Instead of providing any such substantiation, Plaintiff's counsel merely predicted that "[d]iscovery will demonstrate the truth."  (*Id.* Ex. 8.)  But under Rule 11, a "party cannot allege facts to make out the substance of a claim when it has an insufficient basis to make those allegations in the hope that discovery may fortuitously give it a good faith basis, unless it has reason to believe that will in fact occur."  *Sourceone Healthcare Techs., Inc.* v.

8

*Bensonhurst Imaging Assocs. Mgmt. LLC*, No. 08-cv-2568, 2008 WL 2697324, at *2 (E.D.N.Y. July 2, 2008).  Here, Plaintiff can have no such belief concerning discovery, as Plaintiff unquestionably has personal knowledge of the circumstances surrounding her voluntary departure from University housing.  At the very least, if there were a good faith basis for Plaintiff's "forcible eviction" allegation, she would be able to identify a person who directed her to leave her apartment, point to a specific document containing such a direction, or describe a physical change in her apartment (such as a changed lock) that amounted to a constructive eviction.  But Plaintiff has not, and cannot, do so.

Plaintiff's allegation of "forcible eviction" is not only baseless as a matter of fact, but also meritless as a matter of law.  The term "forcible eviction" has an accepted and specific meaning under New York law.  *See* Lucas Ferrara, LANDLORD AND TENANT PRACTICE IN NEW YORK (2019), § 16:379 (forcible eviction requires a showing "that violence was either threatened or committed").  More broadly, in order to be forcibly evicted under New York law, a tenant must be subjected to: (1) the "us[e] or threat[] of force to induce [her] to vacate" the apartment; (2) "conduct which interferes with . . . or disturb[s] [her] comfort, repose, peace or quiet . . . in the use or occupancy" of the apartment; or (3) "conduct which prevents . . . [her] from the lawful occupancy of [the apartment] or . . induce[s] [her] to vacate" the apartment.  N.Y.C. Admin. Code § 26-521(a).  Nothing like this is alleged, and nothing like this occurred.  Indeed, Plaintiff's voluntary cessation of occupancy cannot, by definition, even constitute eviction, much less "forcible eviction."  *See Video Voice, Inc.* v. *Local TV Inc.*, 156 A.D.3d 848, 850 (2d Dep't 2017).

### III. Withdrawing the Baseless Allegation of "Forcible Eviction" from the Amended Complaint Is an Appropriate and Reasonable Sanction Under Rule 11

The court has "broad discretion to tailor appropriate and reasonable sanctions" under Rule 11.  *Lawrence* v. *Wilder Richman Sec. Corp.*, 417 F. App'x 11, 15 (2d Cir. 2010)

9

(alterations, citation, and internal quotation marks omitted). Rule 11(c)(4) specifically provides that such a sanction "may include nonmonetary directives" and "should be limited to that which is necessary to deter repetition of the conduct both by the offender and by others similarly situated." *Romeo & Juliette Laser Hair Removal, Inc.* v. *Assara I, LLC*, 924 F. Supp. 2d 505, 508 (S.D.N.Y. 2013); *see also* Fed. R. Civ. P. 11(c)(4).

In an attempt to avoid dismissal of her Amended Complaint and to damage the University's reputation in a public lawsuit, Plaintiff and her counsel included allegations in her Amended Complaint that they knew lacked evidentiary support. Sanctions are thus clearly warranted. *See Katzman* v. *Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) (awarding sanctions where "Defendants have been made to respond to a patently meritless complaint and to suffer unwarranted adverse publicity"), *aff'd sub nom. Katzman* v. *Victoria's Secret Catalogue, Div. of The Ltd., Inc.*, 113 F.3d 1229 (2d Cir. 1997).

Columbia does not seek to penalize Plaintiff or her counsel. Rather, Columbia seeks sanctions sufficient only to mitigate the harm caused by the blatantly false accusation of "forcible eviction" in the Amended Complaint and to deter further baseless allegations in this litigation. Accordingly, Columbia respectfully requests that the Court order Plaintiff and her counsel to withdraw the false allegation of forcible eviction from the Amended Complaint or, alternatively, to treat the allegation as waived. *See* Wright & Miller *et. al*, 5A FED. PRAC. & PROC. CIV. § 1336.3 (4th ed.) ("Judges also may order that factual allegations or legal assertions be deemed . . . waived by the offending party.").

## CONCLUSION

For the foregoing reasons, Columbia respectfully requests that the Court grant its motion for sanctions against Plaintiff and her counsel pursuant to Rule 11 and order that the baseless allegation of "forcible eviction" (including, but not limited to, paragraphs 78 and 79 of

the Amended Complaint) be withdrawn or, in the alternative, waived, and impose any other such sanctions that the Court deems just and proper.

Dated: February 15, 2019

Respectfully submitted,

By: _____

Roberta A. Kaplan
Gabrielle E. Tenzer
Alexandra G. Elenowitz-Hess
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
ahess@kaplanhecker.com

Michele S. Hirshman
Darren W. Johnson
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Main: (212) 373-3000
Fax: (212) 757-3990
mhirshman@paulweiss.com
djohnson@paulweiss.com

*Attorneys for the Trustees of Columbia University in the City of New York*