# EXHIBIT 7

# KAPLAN HECKER & FINK LLP

**Direct Dial: (212) 763-0883**
**Direct Email: rkaplan@kaplanhecker.com**

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

January 24, 2019

**By Email**

David W. Sanford, Esq.
Sanford Heisler Sharp, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
dsanford@sanfordheisler.com

      Re:    *Irene Politis v. The Trustees of Columbia University in the City of New York and Thomas Harford*, No. 1:18-cv-07831 (S.D.N.Y.)

Dear David:

      I write with respect to certain allegations made in Plaintiff Irene Politis's Amended Complaint, filed on January 18, 2019, in the above-captioned action (ECF No. 26). Specifically, in paragraphs 78 and 79 of the Amended Complaint, Ms. Politis asserts, contrary to fact and law, that she was "forcibl[y] evict[ed]" from Columbia University housing as "direct retaliation" for bringing the instant action. Defendant The Trustees of Columbia University in the City of New York ("Columbia") requests that Ms. Politis immediately strike these allegations from her Amended Complaint.

      As an initial matter, no one at Columbia has taken any action to "evict" Ms. Politis, "forcibly" or otherwise. As you are aware, Ms. Politis has been permitted to live in Columbia housing, despite no longer being a student at the University, since the Fall semester of 2018. *See* Emails between R. Kaplan and M. Firctog, Jan. 9–10, 2019, attached as Ex. A. During this time, she has accrued an unpaid rent balance in excess of $8,000 for which Columbia has never sought payment. *Id.* Moreover, Columbia has never directed Ms. Politis to vacate her apartment. *Id.* Despite these accommodations, on January 9, 2019, I received an email from your office stating that Ms. Politis would be "vacating her apartment" on January 10, 2019, because Columbia "[was] forcibly evicting" her. *Id.* After inquiring as to the factual basis of this allegation, I received no substantive response. Plaintiff voluntarily moved out of her apartment on or around January 10, 2019. These facts cannot reasonably form the basis of Ms. Politis's "forcible eviction" allegations.

      Second, Ms. Politis's allegations of "forcible eviction" fail as a matter of law. As you surely know, the term "forcible eviction" has an accepted and specific meaning under New York law. *See* Lucas Ferrara, LANDLORD AND TENANT PRACTICE IN NEW YORK (2019), § 16:379 (forcible eviction requires a showing "that violence was either threatened or committed"). More broadly, in order to be unlawfully evicted under New York law, a tenant must be subjected to: (1) the "us[e] or threat[] of force to induce [her] to vacate" the apartment; (2) "conduct which interferes with . . . or disturb[s] [her] comfort, repose, peace or quiet . . . in the use or occupancy"

of the apartment; or (3) "conduct which prevents . . . [her] from the lawful occupancy of [the apartment] or . . . induce[s] [her] to vacate" the apartment. N.Y.C. Admin. Code § 26-521(a). As you well know, no such actions occurred here, and neither the Amended Complaint nor our prior email exchange identifies any facts to the contrary. Indeed, Ms. Politis's voluntary cessation of occupancy cannot, by definition, even constitute eviction, much less "forcible eviction." *See Video Voice, Inc. v. Local T.V. Inc.*, 156 A.D.3d 848 (2d Dep't 2017).

Accordingly, Columbia requests that Ms. Politis strike her allegations concerning the so-called "forcible eviction" from the Amended Complaint and, more specifically, as a basis for any claim of retaliation. Rule 11 imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks omitted). A pleading violates Rule 11(b) if it is, *inter alia*, "legally unreasonable, or factually without foundation," *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 81 (S.D.N.Y. 2016) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347 (S.D.N.Y. 2002)), and "a court may impose sanctions on a party for refus[ing] to withdraw an allegation or claim even after it [i]s shown to be inaccurate," *Galin v. Hamada*, 283 F. Supp. 3d 189, 202–03 (S.D.N.Y. 2017) (citation and internal quotation marks omitted) (collecting cases), *aff'd*, No. 17-2988, 2018 WL 4816772 (2d Cir. Oct. 4, 2018). *See also Cameau v. Nat'l Recovery Agency, Inc.*, No. 15-cv-2861, 2018 WL 4522104, at *7 (E.D.N.Y. Aug. 6, 2018) (granting Rule 11 sanctions where it was "more likely than not that the factual support for the allegations in the instant Complaint did not exist in the first instance"), *report and recommendation adopted*, No. 15-cv-2861, 2018 WL 4853050 (E.D.N.Y. Sept. 28, 2018); *Miller v. Bridgeport Bd. of Educ.*, No. 3:12-cv-1287, 2014 WL 3738057, at *1 (D. Conn. July 30, 2014) ("Rule 11 of the Federal Rules of Civil Procedure allows for the award of sanctions when a party pleads facts that she knows to be false."). In particular, Rule 11 sanctions are warranted where a plaintiff files a "discrimination complaint that is tainted by allegations that [the Court] conclude[s] are false and that plaintiff knew to be false." *Miller*, 2014 WL 3738057, at *1. Such is the case here.

The facts show that Ms. Politis voluntarily left Columbia housing and, simultaneously, attempted to create a paper trail of a supposed forcible eviction to bolster her retaliation claim. *See* Ex. A. Ms. Politis's allegations fly in the face of "the principal objective of the imposition of Rule 11 sanctions," which is "the deterrence of baseless filings and the curbing of abuses," *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994), and, therefore, should immediately be stricken. If these allegations are not stricken within 21 days of service of this letter, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, Columbia will move for sanctions. In an abundance of caution, we also enclose a proposed Notice of Motion. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175–77 (2d Cir. 2012).

Very truly yours,

Roberta A. Kaplan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE POLITIS,<br><br>                              *Plaintiff*,<br><br>- against -<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, AND THOMAS HARFORD,<br><br>                              *Defendants*. | **Oral Argument Requested**<br><br>No. 1:18-cv-07831 |

**NOTICE OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

      PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant's Motion for Sanctions Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, the Declaration of Roberta A. Kaplan in Support of Defendant's Motion for Sanctions Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure and exhibits thereto, and all other papers and proceedings herein, Defendant The Trustees of Columbia University in the City of New York ("Defendant"), by and through its counsel, will move this Court, before the Honorable Paul A. Crotty, United States District Judge, United States Courthouse, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an Order, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, granting sanctions against Plaintiff Irene Politis ("Plaintiff") and Sanford Heisler Sharp, LLP for making allegations contrary to facts known to Plaintiff and contained in documents in Plaintiff's possession in contravention of Rule 11(b)(3) of the Federal Rules of Civil Procedure, including sanctions in the form of: (i) striking the relevant portions of the Amended Complaint; (ii) attorneys' fees incurred due to Plaintiff's and her

1

counsel's sanctionable conduct; and (iii) such other and further relief as the Court deems just and proper.

Dated: January 24, 2019

                                                      Respectfully submitted,

                                                      _____

                                                      Roberta A. Kaplan
                                                      Gabrielle E. Tenzer
                                                      Alexandra Elenowitz-Hess
                                                      KAPLAN HECKER & FINK LLP
                                                      350 Fifth Avenue, Suite 7110
                                                      New York, NY 10118
                                                      (212) 763-0883
                                                      rkaplan@kaplanhecker.com
                                                      gtenzer@kaplanhecker.com
                                                      ahess@kaplanhecker.com

                                                      *Attorneys for Defendant*
                                                      *The Trustees of Columbia University*
                                                      *in the City of New York*