1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   IRENE POLITIS,

4                   Plaintiff,

5           v.                              18 Civ. 7831 (PAC)

6   THE TRUSTEES OF COLUMBIA
    UNIVERSITY IN THE CITY OF NEW
7   YORK, et al.,
                                           Conference
8                   Defendants.

9   ------------------------------x
                                           New York, N.Y.
10                                         January 31, 2019
                                           11:50 a.m.
11
    Before:
12
                        HON. PAUL A. CROTTY,
13
                                           District Judge
14

15                          APPEARANCES

16  SANFORD HEISLER SHARP, LLP
          Attorneys for Plaintiff
17  BY:   DAVID W. SANFORD
          MEREDITH A. FIRETOG
18
    KAPLAN HECKLER & FINK LLP
19        Attorneys for Defendants
    BY:   ROBERTA A. KAPLAN
20
    PAUL WEISS
21        Attorneys of Defendants
    BY:   MICHELE S. HIRSHMAN
22
    ORRICK, HERRINGTON & SUTCLIFFE LLP
23        Attorneys for Defendant Harford
    BY:   AMY L. WALSH
24

25

1             (Case called)

2             MR. SANFORD:  Good morning, your Honor.  David Sanford

3    for plaintiff Irene Politis.

4             MS. FIRETOG:  Your Honor, Meredith Firetog for

5    plaintiff, who is sitting to my left.

6             THE COURT:  And who is sitting to your left?

7             MS. FIRETOG:  The plaintiff.

8             THE COURT:  Ms. Kaplan.

9             MS. KAPLAN:  Good morning, your Honor.  Roberta Kaplan

10   from Kaplan Hecker & Fink for Columbia University.

11            MS. HIRSHMAN:  Michele Hirshman from Paul Weiss for

12   Columbia.

13            MS. WALSH:  Good morning, your Honor.  Amy Walsh from

14   Orrick, Herrington & Sutcliffe for Tom Harford.

15            THE COURT:  Mr. Sanford, do you want to tell me about

16   the case?

17            MR. SANFORD:  Yes, your Honor, thank you.

18            Ms. Politis, who is here with us today, was a student

19   at Columbia University in the school of General studies.  Last

20   she was raped by an acquaintance.  She sought various services

21   at Columbia.  She was steered ultimately to Dean Harford, then

22   the dean of the School of General Studies.  Shortly thereafter,

23   Dean Harford abused his position and authority and engaged in

24   an intimate sexual relationship with the plaintiff.

25            Ms. Politis ultimately filed her case here before this

1    Court and that's what's pending here.  The case is about

2    violations of Title IX, violations of the New York Human Rights

3    Act and various common law causes of action.

4          THE COURT:  Ms. Kaplan, you want to make a motion to

5    dismiss?

6          MS. KAPLAN:  I do, your Honor.

7          THE COURT:  Would you tell me with that, please.

8          MS. KAPLAN:  Sure.  Your Honor, very briefly from the

9    perspective of the university, let me start with the federal

10   cause of action, Title IX has very strict standards for when a

11   university can be liable in these circumstances.  The

12   university has to, one, have known of the conduct and then,

13   according to Justice O'Connor in the *Davis* case, once they

14   know, has to have acted unreasonably under the circumstances.

15   That's the *Davis* standard.

16         We would like to file a motion to dismiss, your Honor,

17   and I discussed with Mr. Stanford beforehand and we agreed on

18   the date of February 12 arguing that based on the pleadings,

19   plaintiff cannot meet that standard in the federal claims have

20   to be dismissed.  We have similar arguments for the city law,

21   which I'm happy to go into, but that's essentially the gist of

22   the motion.

23         THE COURT:  Is there any possibility that a claim

24   could be stated under Title IX?

25         Is there any possibility that the plaintiff can state

 1  a claim under Title IX, because there's a motion to dismiss,

 2  there's probably leave to replead.

 3          MS. KAPLAN:  I don't think so, your Honor.  There's

 4  two points, one, Columbia didn't know the nature of the

 5  relationship here, and I'm a bit of a prude myself, but it was

 6  a very fetishistic sexualized relationship, and let me just

 7  leave it at that.  There's really the kind of extreme nature of

 8  it, probative of the fact Columbia didn't know about this, they

 9  wouldn't have tolerated someone at Columbia having

10  relationships with like this for one day, much less three

11  months.

12          Two, it's undisputed that as soon as they knew about,

13  they immediately removed Harford from campus and then within a

14  week fired him.  The university can't be expected to do

15  anything more than that, your Honor.  It's not a strict

16  liability statute.  So while I understand that the Court may

17  want to grant me to replead, I don't think there are any facts

18  they could plead here that would justify the Title IX

19  standards.

20          THE COURT:  The way I'm reading the Second Circuit, I

21  think there is a need to replead.  I don't think it's the right

22  position.  That is the position.

23          MS. KAPLAN:  I heard that from other district judges

24  as well.  I'm aware of that.

25          THE COURT:  Mr. Sanford.

1    MR. SANFORD:  Thank you, your Honor.  Under Title IX,

2    the standard is clear, a recipient of federal education funds

3    is liable under Title IX where it is, "deliberately indifferent

4    to known acts of sexual harassment by," in this case a

5    university employee.

6         THE COURT:  How could they be deliberately indifferent

7    if they didn't know?

8         MR. SANFORD:  Well, they did know and we pled very

9    clearly in our complaint, paragraphs 56 through 67 ways in

10   which Columbia had actual knowledge.  They knew about

11   misbehavior of this dean dating back to at least 2012 when

12   there was a complaint lodged against him for harassment.

13        THE COURT:  By the plaintiff or by someone else?

14        MR. SANFORD:  Well, I'm going to get to that, your

15   Honor.

16        But before that, they actually knew of his misbehavior

17   by other complainants dating back to 2012 and 2013.  And we

18   allege that they actually knew about issues concerning

19   Ms. Politis, given what other university officials knew about

20   based on text messages and other matters.  This is essentially

21   a fact-intensive inquiry.  We request leave of Court to have

22   that fact discovery take place immediately.  I know that

23   Columbia's position is they want to have a stay.  It's partly

24   what we're here today to talk about, but it's very important

25   for the plaintiff to be able to establish her facts, the facts

1  as alleged already survive a motion to dismiss.  We understand

2  based on other things we already have access to through

3  Columbia employees that there are other facts that will emerge

4  to support our claims.  There's no way I can imagine that

5  Columbia could win on a motion to dismiss.  They're perfectly

6  free to file it, but we should be free to establish our case on

7  discovery

8           THE COURT:  Have you agreed with Ms. Kaplan on a

9  motion schedule?

10          MR. SANFORD:  Yes.

11          THE COURT:  What is the motion schedule?

12          MR. SANFORD:  Ms. Kaplan approached me ten minutes

13  before we entered the court and suggested she would file the

14  motion on the 12th of February.  And that's fine for plaintiff,

15  your Honor.

16          THE COURT:  How much time do you want respond?

17          MR. SANFORD:  One month, your Honor, please.

18          THE COURT:  One month fine, Ms. Kaplan?

19          MS. KAPLAN:  That's totally fine.

20          THE COURT:  How much time for reply?

21          MS. KAPLAN:  Two weeks, your Honor.

22          One other issue with respect to that.

23          THE COURT:  Just a minute.

24          David, Can you read back the schedule.

25          THE DEPUTY CLERK:  Motion due by February 12.

1    Response, March 12.

2              THE COURT:  And reply?

3              THE DEPUTY CLERK:  March 26.

4              MS. KAPLAN:  One more issue on the motion to dismiss,

5    your Honor.  I asked if Mr. Sanford would agree given the new

6    claims.  There are 11 claims pled in the complaint, nine of

7    them against Columbia.  Two have been added in the amended

8    complaint, so I asked for another five pages.  So 30 pages,

9    assuming your Honor is OK with that, Mr. Sanford said it was

10   OK.

11             THE COURT:  25 pages I think is probably enough.  If

12   you want 30, I'll give more pages.

13             Do you want more pages, Mr. Sanford?

14             MR. SANFORD:  Five more pages, your Honor.

15             THE COURT:  You get the same treatment.

16             MR. SANFORD:  Thank you.

17             THE COURT:  30 pages each.

18             What about the stay of discovery during the pendency

19   of the motion?

20             MR. SANFORD:  We oppose that motion for a stay, your

21   Honor.  It's imperative that we move quickly.  There's

22   third-party discovery that will be at issue in this case, which

23   will include phone logs.  As the Court undoubtedly knows, phone

24   providers only keep those logs for a certain period of time.

25   We think it's imperative we got started with that discovery.

1   There's other discovery that would be important to do timely as

2   well.  There are students who are here who may not be here in a

3   year from now who had interactions with the dean.  All of that

4   could become relative in this case.  So it's imperative from

5   our perspective that we get started right away.  It's hard to

6   imagine Columbia prevailing on all of its motions it's going to

7   file regarding dismissal.

8           THE COURT:  It only has to prevail on its Title IX

9   claim to defeat federal jurisdiction.

10          MR. SANFORD:  This Court could retain pending

11  jurisdiction in its discretion.

12          THE COURT:  Again, the trend seems to be if there's no

13  federal claim, it gets remitted to state court, especially for

14  the city and the state human rights law.

15          MR. SANFORD:  Again, as I mentioned before, your

16  Honor --

17          THE COURT:  We're getting way ahead of ourselves.

18          MR. SANFORD:  Yes.  I just wanted to reiterate the

19  idea that we have evidence already that shows that Columbia

20  actually knew of misbehavior in the past and of misbehavior

21  this past summer with respect to Ms. Politis.  So, again, it's

22  very unlikely and part of the standard is the likelihood of

23  prevailing here.  It's very unlikely that Columbia is going to

24  prevail on its motion to dismiss.

25          THE COURT:  Ms. Kaplan.

 1             MS. KAPLAN:  Your Honor, we just agreed to a pretty

 2   expedited schedule on the motion to dismiss.  I obviously

 3   disagree with Mr. Sanford.  We believe that for sure the Title

 4   IX claim will be dismissed.  We believe if your Court went on

 5   to decide the state claims, you would dismiss those as well.

 6   As your Honor noted, you certainly have the discretion, if not

 7   more than that, to send it back to state court.

 8             There's another issue we talk about in our letter that

 9   presents a real practical problem for us, which is there's a

10   very strict, as your Honor probably knows, privacy statute that

11   applies to all standard records at Columbia called FERPA.  And

12   to the extent any e-mail or any document has any discussion

13   about any student, which presumably that's what they would ask

14   for, other than Ms. Politis, we have a real burden on our hands

15   about how to deal with those requests and how to produce

16   things, and we'd rather not deal with that obviously that

17   burden until the motion to dismiss is decided.

18             THE COURT:  Ms. Walsh, you've been quiet.  Do you have

19   anything to say?

20             MS. WALSH:  Your Honor, I would only add that even

21   though we're not moving to dismiss all the counts in the

22   amended complaint, we join the motion to stay discovery because

23   we wouldn't want the discovery to go forward in a piecemeal

24   way, and for the reasons Ms. Kaplan stated, we join her motion.

25             THE COURT:  Anything else before I rule?

1          MR. SANFORD:  Your Honor, I would simply add, if I

2     may, that the burden that Ms. Kaplan talks about argues in

3     favor of us doing discovery now.  There are going to be a lot

4     of issues we're going to have to work through regarding a

5     protective order that will undoubtedly be in place for

6     Columbia.  We're going to have to negotiate that.  There may be

7     motions to compel.  There's third party discovery, as I

8     mentioned earlier.  For all those reasons, that tells in favor

9     of doing discovery now.

10         MS. KAPLAN:  Your Honor, briefly.  Of course we're

11    retaining all documents.  There's absolutely zero issue there.

12    What Mr. Sanford just pointed out is exactly why we shouldn't

13    have to go through that extensive burden until we know whether

14    this is claim is surviving in this court.

15         MR. SANFORD:  Your Honor, if may, one other thing.

16         THE COURT:  Yes.

17         MR. SANFORD:  We had not been given the advantage of

18    being able to put paper before the Court.  We had three days to

19    do that.  We're prepared to respond in detail within three

20    pages to Ms. Kaplan's submission, and we can do that tomorrow

21    if the Court would allow.

22         THE COURT:  I'll certainly allow it, but I don't think

23    it's necessary.  We've agreed on a motion schedule.  The issue

24    is whether or not we should stay discovery during the pendency

25    of the motion.

1          And on that, I believe that just from reading the

2     complaint and reading Ms. Kaplan's letter, a claim can't be

3     stated under Title IX.  Whether it has been stated or is not is

4     a separate question, but there certainly will be leave to

5     replead if the pleadings are found inadequate for any reason.

6     Under these circumstances, I'm going to not allow for a stay of

7     discovery during the pendency of the motions.  I will promise

8     you that I'll make the decision on the motions very promptly.

9     Even if the matter is dismissed for failure to state a claim

10    under Title IX grounds, there will be remanded to state court

11    for further action and further consideration and there will be

12    discovery in any event.  So since there's going to be discovery

13    in any event, I won't stay discovery during the pendency of the

14    motion.  I will decide the motion promptly on its submission to

15    the Court.

16         We didn't talk about the $50 million claim.  Is there

17    any case law support for saying you can't claim $50 million for

18    violation of the law?

19         MS. KAPLAN:  We believe so, your Honor.  It actually

20    for $60 million.

21         THE COURT:  $60 million.

22         MS. KAPLAN:  The entire relationship between plaintiff

23    and Dean Harford lasted a grand total of three months.  There's

24    no way on compensatory damages they're going to get into any

25    range that even a punitive damages award can even approach

1   $60 million under the due process limitations that have been

2   very clearly set out by the Supreme Court.

3           THE COURT:  That's my ruling.  I'll get right after

4   the submission date, I promise you that I will attend to this

5   very promptly.  In the meantime, discovery can commence.

6           Do we have a civil case management plan?  Has that

7   been submitted?

8           MR. SANFORD:  Plaintiff has submitted its proposal,

9   your Honor.

10          THE COURT:  Pardon me?

11          MR. SANFORD:  Plaintiff has submitted to the Court its

12  proposal.

13          MS. KAPLAN:  Your Honor, given your Honor's ruling by

14  the state, we have no objection to that proposal.

15          THE COURT:  Is that Exhibit 8, Mr. Sanford, of your

16  letter of January 29?

17          MR. SANFORD:  Yes.

18          THE COURT:  I'm going to sign the civil case

19  management plan submitted by Mr. Sanford with his letter of

20  January 29.  Date that today, January 31, 2019.

21          What's the date of your reply, Ms. Kaplan?

22          THE DEPUTY CLERK:  The 26th.

23          MS. KAPLAN:  26th.

24          THE COURT:  March 26?

25          MS. KAPLAN:  Yes, your Honor.

1          THE COURT:  Why don't we schedule a conference for

2     April 9, Tuesday April 9.  What time, David?

3          THE DEPUTY CLERK:  At 4:30 p.m.?

4          THE COURT:  4:30 p.m. on Tuesday the 9th of April.

5     We'll have another conference.

6          MR. SANFORD:  Thank you, your Honor.

7          THE COURT:  Anything further, Mr. Sanford?

8          MR. SANFORD:  No.  Thank you, your Honor.

9          THE COURT:  Ms. Kaplan.

10         MS. KAPLAN:  Your Honor, we had two other motions

11    we'll talk about on the motion.  I presume we'll talk about

12    them on February 12 as well.  You raised the motion to strike.

13    There's a Rule 11 issue.  We're not seeking fees on Rule 11

14    penalties, we're not seeking a penalty.  We just don't think

15    there is any credible basis for them to allege that we forcibly

16    evicted plaintiff from her apartment.  It is an issue of some

17    import to because Columbia doesn't evict, much less forcibly

18    evict its own students.  We'd like to file a Rule 11 motion on

19    that.

20         THE COURT:  I assume you're going to make all the

21    grounds you listed in your letter.

22         MS. KAPLAN:  Yes, your Honor.

23         THE COURT:  Fine.

24         MS. KAPLAN:  Thank you.

25         THE COURT:  Anything else?

1                MR. SANFORD:  Not for plaintiff, your Honor.

2                THE COURT:  Ms. Kaplan.  Ms. Walsh.

3                MS. KAPLAN:  Nothing, your Honor.

4                MS. WALSH:  No, your Honor.

5                (Adjourned)